JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENNEDY,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL EXPRESS CORPORATION, *et al.*,<br><br>                Defendants. | Case No. 2:25-cv-04891-FLA (ASx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

**RULING**

On March 28, 2025, Plaintiff Sean Kennedy ("Kennedy" or "Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court, asserting claims against Defendant Federal Express Corporation ("FedEx" or "Defendant") for, int*er alia*, violations of the California Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*, and constructive termination in violation of public policy. Dkt. 1-1 at 5–29 ("Compl.").[1]

On April 15, 2022, Defendant removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 ("NOR"). On June 10, 2025, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 11. The parties filed responses to the OSC on June 24, 2025. Dkt. 12 ("Def. Resp.");[2] Dkt. 14 ("Pl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Los Angeles County Superior Court.

///

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

[2] Defendant requests the court take judicial notice of orders awarding attorney's fees in three unrelated state court actions and the attorney profiles for Plaintiff's counsel listed on counsel's website. Dkt. 13. The existence and legal effect of the state court orders are judicially noticeable, reasonably disputable factual assertions contained therein are not. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Facts stated in Plaintiff's counsel's website are not judicially noticeable. *See* Fed. R. Evid. 201(b). The court, therefore, GRANTS in part Defendant's request for judicial notice as to the existence and legal effect of the state court orders only.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

1  establishing that removal is proper." *Id*.

2       Defendant argues the amount in controversy exceeds $75,000, based on
3  Plaintiff's claims for lost earnings, attorney's fees, and emotional distress and punitive
4  damages. NOR at 6–11; Def. Resp. at 3–7. The court will address each item of relief
5  requested in turn.

6       **A.**    **Lost Wages**

7       Defendant presents evidence Plaintiff worked at least 35 hours per week at an
8  average hourly rate of $28.86 (for an annual salary of $52,525.20), as of July 3, 2024,
9  the date Plaintiff alleges he was constructively discharged. Def. Resp. at 6; Dkt. 1-2
10 (Sasso Decl.) ¶¶ 4–5, Exs. A & B; *see also* Pl. Resp. at 2. Based on these figures,
11 Plaintiff would be entitled to lost wages of $47,619.00 as of the date of removal.

12      Defendant additionally argues that "if this case proceeds to trial a year from
13 now, and Plaintiff remains unemployed, his back pay claim will be approximately
14 $100,673.30…." Def. Resp. at 3. Defendant does not provide specific facts to
15 establish its assumptions are reasonable. Many courts in this district have declined to
16 project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs.*
17 *Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal.
18 Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project
19 lost wages through the trial date in this action.

20      Accordingly, the court will consider only Plaintiff's claim for lost wages as of
21 the date of removal of $47,619.00, in determining the amount in controversy.

22      **B.**    **Attorney's Fees**

23      "[W]here an underlying statute authorizes an award of attorneys' fees, either
24 with mandatory or discretionary language, such fees may be included in the amount in
25 controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A
26 removing defendant must "prove that the amount in controversy (including attorneys'
27 fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and
28 must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift*

*Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant estimates "Plaintiff's counsel will spend far more than 166.6 hours in prosecuting Plaintiff's claims," and calculates that, at an hourly rate of $450, Plaintiff's claim for attorney's fees may alone be sufficient to place the amount in controversy over the jurisdictional minimum. Def. Resp. at 3–6.

California Government Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party of a FEHA action reasonable attorney's fees and costs. Defendant, however, fails to submit evidence of comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if he prevails here. The mere fact that the court *may* exercise its discretion to award Plaintiff attorney's fees if he prevails is insufficient to demonstrate that such an award is reasonably likely or should be included in the amount in controversy. Defendant, thus, fails to meet its burden to demonstrate that its estimate of Plaintiff's attorney's fees is not speculative, and the court will not include this estimate in its amount in controversy calculations.

### C. Emotional Distress and Punitive Damages

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "While … jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Courts are not required to include emotional distress damages in the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-

01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.*, Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is … insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Similarly, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* Accordingly, a removing defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant argues the amount in controversy calculation should include "an assumption Plaintiff will prevail on his claims for emotional distress and punitive damages, representing a cumulative award of at least one-half million dollars, especially given the egregiousness of the allegations in Plaintiff's Complaint." Def. Resp. at 6–7 (citing, *e.g.*, NOR ¶¶ 17–26).

Defendant does not present evidence of Plaintiff's damages or identify any analogous cases where juries have awarded specific emotional distress or punitive damage awards based on similar facts to those pleaded in the Complaint. *See id.* Defendant, thus, fails to meet its burden to establish any specific amount of emotional distress or punitive damages should be included in the amount in controversy. *See Rybalnik*, 2012 WL 4739957, at *3; *See Ogden*, 644 F. Supp. 3d at 564.

/ / /

/ / /

**CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25STCV09485.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 11, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

7